UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY O'CONNELL,<br><br>    Petitioner,<br><br>v.<br><br>JAMES A. YATES, Warden,<br><br>    Respondent. | Case No. EDCV 11-982-RGK (OP)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. § 2254) AS UNTIMELY |

**I.**

**INTRODUCTION**

On June 8, 2011, Timothy O'Connell ("Petitioner"), constructively filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1] (ECF No. 1.) On June 22, 2011, the Petition was

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). The Court has utilized the signature date on the current Petition as the relevant filing date since the signature date is the earliest date on which Petitioner could have

formally filed. (Id.) On the same date, Petitioner filed a Motion for Appointment of Counsel. (ECF No. 2.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to dismissal as untimely.

## II.

## **PROCEDURAL HISTORY**

In December 2004, Petitioner was convicted after a jury trial in the Riverside County Superior Court, case number BAF003317, of torture (Cal. Penal Code § 206), child abuse (Cal. Penal Code § 273d), inflicted great bodily injury on a child under the age of five (Cal. Penal Code § 12022.7(d)). The jury also found true the allegations that Petitioner had sustained two prior felony robbery convictions (Cal. Penal Code § 667(a)), and a serious and violent felony robbery conviction (Cal. Penal Code §§ 667(c), (e)). On April 7, 2005, Petitioner was sentenced to a total state prison term of forty-one years to life. (Pet. at 2, 3; People v. O'Connell, No. E037929, 2006 WL 3071777, at *1 (Cal. App. Oct. 30, 2006)).

Petitioner appealed to the California Court of Appeal, case number E037929. On October 30, 2006, the court of appeal affirmed the judgment. (Id. at 3; O'Connell, 2006 WL 3071777, at *4).

Petitioner then filed a petition for review in the California Supreme Court, case number S147975. (Id. at 3; Official Records of California Courts [2]).) On

---

turned the Petition over to the prison authorities for mailing.

[2] The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases.

2

January 3, 2007, the supreme court denied the petition without prejudice to any relief to which Petitioner might be entitled after the United States Supreme Court determines in Cunningham v. California, No. 05-6551, the effect of Blakely v. Washington, 542 U.S. 296 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), on California law. (Official Records of California Courts.)

On March 10, 2011, Petitioner filed a habeas corpus petition in the Riverside County Superior Court. On March 18, 2011, the superior court denied the petition. (Id. at 4, Ex. B.)

On April 8, 2011, Petitioner filed a habeas corpus petition in the California Court of Appeal, case number E053284. On April 19, 2011, the court of appeal denied the petition. (Id. Ex. C; Official Records of California Courts.)

On May 11, 2011, Petitioner attempted to file an untimely habeas corpus petition in the California Supreme Court, case number S192991. On May 20, 2011, the case was closed, as no application for relief from default was submitted. (Id. Ex. C; Official Records of California Courts.) Petitioner has not sought further habeas relief supreme court. (Official Records of California Courts.)

For the reasons discussed below, Petitioner is ordered to show cause why the current Petition should not be dismissed with prejudice as untimely.

## III.

## DISCUSSION

**A.** **Standard of Review.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution,

---

courtinfo.ca.gov. See Smith, 297 F.3d at 815 (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

3

laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false). Further, the Court has the authority to raise the statute of limitations issue *sua sponte* and to dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond. Id.

**B.      The Petition Was Not Filed Within the Limitation Period.**

The current Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As stated above, on January 3, 2007, the California Supreme Court denied Petitioner's petition for review without prejudice to any relief to which he might be entitled after the United States Supreme Court decided Cunningham v.

---

[3] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

4

California, No. 05-6551.[4] (Official Records of California Courts.) Consequently, his conviction became final on April 3, 2007, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). As a result, Petitioner had until April 2, 2008, to file the current Petition. 28 U.S.C. § 2244(d)(1)(A); see also Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not constructively file the current Petition until June 8, 2011, over three years beyond the limitation period. Thus, unless Petitioner is entitled to statutory or equitable tolling or an alternate start date to the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), it appears that the current Petition is untimely.

**C.     Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2).**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Patterson, 251 F.3d at 1247.

The United States Supreme Court has held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief. Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260 (2002). The period tolled includes the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Id. In Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the

---

[4] On January 22, 2007, the Supreme Court issued its decision in Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).

time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-23).[5]

As set forth above, Petitioner's limitation period ended on April 2, 2008. Petitioner did not file his first state habeas petition in the Riverside County Superior Court until March 10, 2011. (Pet. at 4, Ex. B.) Petitioner is not entitled to statutory tolling for the time period this petition was pending pursuant to 28 U.S.C. § 2244(d)(2). Section 2244(d) does not permit the reinitiation of the AEDPA limitations period that has ended before a state habeas petition is filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001). For the same reason, Petitioner is not entitled to statutory tolling for the time period his habeas petitions were pending in the California Court of Appeal or the California Supreme Court. Thus, the Petition

---

[5] The Court in Evans held that a California Supreme Court order silent on the grounds for the court's decision is not equivalent to a holding that the filing was timely. Evans, 546 U.S. at 197-98. Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" (in which to file a habeas petition), or clear indication that a particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness. Id. at 198. That is, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

clearly appears to be untimely.

**D.     Equitable Tolling.**

The one-year limitation period is subject to equitable tolling if a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). A petitioner bears the burden of alleging facts that would give rise to tolling. Id. "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").

The Ninth Circuit has held that, "[w]here a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled." Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). In Laws, the petitioner had been found competent to stand trial after the trial judge had expressed concern about the petitioner's competency and ordered psychiatric examinations. Id. at 921. In response to the respondent's argument that the federal habeas petition was untimely, the petitioner argued that

his mental impairment precluded the timely filing of the petition and submitted his verified state habeas petition (wherein he had alleged that his delay in filing had been attributable to psychiatric "medication which deprived [him] of any kind of cons[ci]ousnous"), as well as prison psychiatric and medical records for the period immediately subsequent to his 1993 conviction, in support of his argument. Id. at 921-22. The Ninth Circuit noted that the trial court's determination of the petitioner's competence to stand trial in 1993 had "little bearing on his competence *vel non* during the period 1996-2000 [i.e., the period relevant to the time bar issue], a period for which no medical records have been offered by either [the petitioner] or the respondent." Id. at 923. Rather, what did bear on the petitioner's competence during the relevant time period was "his allegation in a sworn pleading, against which the state ha[d] offered no evidence at all, that he was incompetent in the years when his petitions should have been filed." Id. The Ninth Circuit concluded that the petitioner's verified allegation was sufficient to warrant further factual development and that the district court erred in denying the equitable tolling claim without allowing discovery or ordering expansion of the record. Id. at 924.

Here, Petitioner acknowledges that the Petition is untimely but states that he is mentally incompetent, under mental health treatment, and is unable to fathom the conviction against him. (Pet. at 6.) In support of his contention, Petitioner has attached an exhibit entitled "Mental Health Placement Chrono" and dated March 17, 2011. (Id. Ex. A.) The exhibit confirms that Petitioner was prescribed psychotropic medication. However, the exhibit does not indicate what his mental health diagnosis was, what his prognosis is, and clearly does not constitute an opinion that he is incompetent. As a result, the Court finds that Petitioner has not met his burden of showing that extraordinary circumstances made it impossible for him to file the current Petition in a timely manner.

Accordingly, Petitioner has failed to demonstrate any extraordinary circumstances sufficient to justify any equitable tolling. Thus, as noted above, the current Petition is untimely.

**E.     Alternate Start of the Statute of Limitations.**

    **1.     State-Created Impediment.**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. Lott, 304 F.3d at 925. The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

    **2.     Newly Recognized Constitutional Right.**

The AEDPA also provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

The current Petition raises several claims, one based on Cunningham. (Pet. at 6.) The Ninth Circuit has held that Cunningham did not announce a new rule of constitutional law within the meaning of Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989),[6] and therefore, Cunningham could be applied retroactively on collateral review. Butler v. Curry, 528 F.3d 624, 639

---

[6] Under Teague, "old" rules of criminal procedure apply "both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." Whorton v. Bockting, 549 U.S. 406, 127 S. Ct. 1173, 1180, 167 L. Ed. 2d 1 (2007).

(9th Cir. 2008). In Butler, the Ninth Circuit concluded that the result in Cunningham was clearly dictated by the Supreme Court's Sixth Amendment case law, in particular by Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), which was decided before the conviction of the petitioner in Butler became final. Butler, 528 F.3d at 628.

Although Butler held that Cunningham applied the existing rules from Blakely, the current Petition is still untimely. The decision in Blakely was issued on June 24, 2004. Here, Petitioner's conviction became final on April 3, 2007. Petitioner did not file his first state habeas petition in the Riverside County Superior Court until March 10, 2011, nearly seven years after the Blakely decision was decided and nearly three years after the limitation period had expired. Thus, Butler is inapplicable to Petitioner's case.

Moreover, assuming Cunningham announced a right newly recognized by the Supreme Court, the right must not only be newly recognized, but must also be made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(C). The Ninth Circuit has held that the rule in Apprendi is not retroactive to cases on collateral review. See Rees v. Hill, 286 F.3d 1103, 1104 (9th Cir. 2002) (Apprendi does not apply retroactively). The Ninth Circuit has also held that Blakely is not retroactively applicable to cases on collateral review. See Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005) (concluding that Blakely does not apply retroactively to cases on § 2254 habeas review). Given that Cunningham applied the reasoning of Apprendi and Blakely to California's upper term sentencing scheme, it appears that the Supreme Court would likewise find that Cunningham does not apply retroactively. Thus, Petitioner cannot rely on Cunningham to bring this claim under 28 U.S.C. § 2244(d)(1)(C).

/ / /

/ / /

### 3. Discovery of Factual Predicate.

The AEDPA further provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

### F. Motion for Appointment of Counsel.

On June 22, 2011, Petitioner filed a Motion for Appointment of Counsel. (ECF No. 2.)

Based on the Court's evaluation of the likelihood of success on the merits as well as the ability of the Petitioner to articulate his claims pro se in light of the complexity of the legal issues involved, the Court denies Petitioner's motion without prejudice. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). However, if an evidentiary hearing is held, the Court intends to appoint counsel to represent Petitioner. See Knaubert v. Goldsmith, 791 F.2d 722, 728-29 (9th Cir. 1986); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

## V.

## ORDER

Based upon the foregoing, the Court finds that the face of the Petition indicates that it is untimely. Accordingly, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely by filing a response within thirty (30) days of the date of this Order. In the response to this Order to Show Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas petition was filed and shall, if possible, attach copies of any state petition (showing that it was filed) and copies of the state court's decision addressing each petition. All facts relied upon by Petitioner must be proved by testimony

contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.  Petitioner must describe specifically the nature and duration of any extraordinary circumstances and their consequences in a declaration signed by him under penalty of perjury.  Petitioner shall also include with his response properly authenticated prison records or documents which demonstrate any circumstance which Petitioner believes impeded his ability to timely file the current Petition.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**

DATED: July 22, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge